Filed 2/9/21  P. v. Romero CA2/8

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE, | B306870 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA362787) |
| v. | |
| JASON ROMERO, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County.  Renee F. Korn, Judge.  Affirmed.

Brett Harding Duxbury, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Daniel C. Chang and Michael C. Keller, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Jason Romero appeals from the denial of his petition for resentencing under Senate Bill No. 1437 (SB 1437), which "amend[ed] the felony murder rule and the natural and probable consequences doctrine . . . to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).)  The trial court found Romero ineligible for relief as a matter of law because the record demonstrates he was convicted as a direct aider and abettor. We affirm.

## PROCEDURAL BACKGROUND

On August 7, 2009, Jose R. was killed in a drive-by shooting involving Romero, Christian Venegas, and Hernaldo Ramos.[1]  The prosecution's theory at trial was that Venegas was the shooter; Romero directly aided and abetted by procuring a car and a driver to accomplish the drive-by shooting; and Ramos was the driver, who aided and abetted either directly (if he knew about the gun), or under a natural and probable consequences theory (if he did not).  Romero was found guilty of first degree murder and the jury found true additional firearm and gang enhancements.  He was sentenced a term of 50 years to life.

In his direct appeal, Romero asserted the trial court committed instructional error, including that the instruction on natural and probable consequences was incomplete or misleading

---

[1]      For purposes of this opinion, we need only summarize the facts underlying Romero's conviction.  They are set forth in detail in the opinion affirming the judgment against Romero (*People v. Venegas et al.* (Nov. 5, 2012, B233131) [nonpub. opn.]) and the decision denying his petition for writ of habeas corpus (*In re Romero* (Oct. 9, 2018, B288243) [nonpub. opn.]).

2

because it allowed the jury to conclude murder, rather than first degree murder, was a natural and probable consequence of the target crime of assault. We rejected Romero's argument, noting that "the record indicates the natural and probable consequences theory was only argued as to Ramos, not Romero. The prosecutor contended Romero was guilty of directly aiding and abetting murder." (*People v. Venegas, supra,* B233131, at pp. 10–11.)

Alternatively, we concluded, "even if the trial court should have explicitly instructed the jury that first degree murder, not just murder, must have been a reasonably foreseeable consequence of the assault, . . . any error was harmless beyond a reasonable doubt" because "[t]he evidence was overwhelming that if Romero was guilty at all, he was guilty of a deliberate, premeditated murder." (*Venegas, supra,* B233131, at pp. 12–13.)

We further observed, "the jury asked whether it could find Romero guilty of first degree murder as an aider and abettor, even if it concluded Venegas was not the perpetrator. This question suggested that while the jurors may have had some doubt that Venegas was the shooter, they had no doubt Romero was guilty of first degree murder." (*Venegas, supra,* B233131, at p. 13.) We affirmed the judgment against Romero.

Romero raised similar issues in his petition for writ of habeas corpus to the Supreme Court. There, he argued he was entitled to a new trial in light of *People v. Chiu* (2014) 59 Cal.4th 155, 158–159 (*Chiu*), which held that an aider and abettor may not be convicted of first degree murder under the natural and probable consequences doctrine. Although he conceded the prosecution rested on a theory of "straight aiding and abetting," he argued the jurors were nevertheless provided a second theory for conviction because the trial court instructed them on a

3

natural and probable consequences theory of aiding and abetting a planned assault. According to Romero, the jury could have applied the natural and probable consequences instruction to him as well as to Ramos, despite the prosecution's argument.

On transfer from the Supreme Court, we found the trial court instructed the jury in error under *Chiu*, but the error was harmless beyond a reasonable doubt because the record showed the jury relied on a direct aiding and abetting theory. (*In re Romero, supra,* B288243, at p. 4.) In reaching this conclusion, we again relied on the evidence provided at trial, the prosecution's theory of the case, and the jury's question.

Additionally, we observed the trial court instructed the jury to only consider a direct aiding and abetting theory as to Romero when it responded to the jury question whether it could find Romero guilty of first degree murder as an aider and abettor, even if it concluded Venegas was not the perpetrator. The court answered the question as follows: "In order to convict Mr. Romero under an aiding and abetting theory, the People must prove that he aided and abetted a perpetrator. That perpetrator may be any other person. An aider and abettor may be convicted of murder in the 1st or 2nd degree. For the elements of aiding and abetting, please refer to instructions 400 and 401." We found the trial court's reference to CALCRIM Nos. 400 and 401, which describe direct aiding and abetting, and its failure to refer the jury to CALCRIM Nos. 403 and 520, which explain the theory of natural and probable consequences, "was a clear indication to the jury that it should base its verdict regarding Romero on direct aiding and abetting principles." (*In re Romero, supra,* B288243, at p. 4.)

4

On May 22, 2019, Romero filed a petition for resentencing pursuant to SB 1437. The trial court appointed counsel, and the parties were given an opportunity to be heard on the petition. The trial court denied the petition for resentencing, finding "the Court of Appeal has already ruled that Romero was convicted of murder as a direct aider and abettor. Quite simply, the facts do not support that Petitioner was convicted on a felony murder theory or murder under a natural and probable consequences theory." Romero timely appealed.

## DISCUSSION

### I.  Governing Law

Effective as of January 1, 2019, SB 1437 was enacted to "amend the felony murder rule and the natural and probable consequences doctrine . . . to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).) Thus, SB 1437 amended Penal Code section 188[2] to require that a principal to murder act with malice aforethought, which will "not be imputed to a person based solely on his or her participation in a crime." (§ 188, subd. (a)(3), as amended by Stats. 2018, ch. 1015, § 2.) Likewise, felony murder liability under section 189 was limited to a defendant who was the "actual killer," an aider or abettor in the commission of murder in the first degree, or "a major participant in the underlying felony [who] acted with reckless indifference to human life." (§§ 188, subd. (a)(3), 189, subd. (e), as amended by Stats. 2018, ch. 1015, §§ 2, 3.) In short, SB 1437 did not change

---

[2]     All further statutory references are to the Penal Code unless otherwise specified.

the liability for a defendant who was convicted of murder as a direct aider and abettor.  (*People v. Martinez* (2019) 31 Cal.App.5th 719, 722–723 (*Martinez*).)

Section 1170.95 sets forth a three-step procedure for defendants to seek resentencing if they could not be convicted of murder in light of the changes to sections 188 and 189. (*Martinez, supra*, 31 Cal.App.5th at p. 723.)  In step one, the defendant files a petition with the sentencing court to vacate the defendant's murder conviction and to obtain resentencing on any remaining counts.  (§ 1170.95, subd. (a).)  The petition must satisfy the following three conditions to make the initial prima facie showing that he or she is eligible for relief:  "(1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine. (2) The petitioner was convicted of first degree or second degree murder following a trial or accepted a plea offer in lieu of a trial at which the petitioner could be convicted for first degree or second degree murder. (3) The petitioner could not be convicted of first or second degree murder because of changes to Section[s] 188 or 189 made effective January 1, 2019."  (§ 1170.95, subd. (a).)

If the defendant has made the initial prima facie showing in step one, the trial court appoints counsel to represent him or her.  (§ 1170.95, subd. (c).)  In step two, the defendant must make a second prima facie showing that he or she is "entitled" to relief rather than "eligible" for relief.  At this stage of the proceedings, the trial court may review the petition, its own file, and the record of conviction, including a Court of Appeal opinion and a jury's findings in the underlying trial.  (*People v. Lewis* (2020)

43 Cal.App.5th 1128, 1137–1138 (*Lewis*), review granted Mar. 18, 2020, S260598; *People v. Verdugo* (2020) 44 Cal.App.5th 320, 333, review granted Mar. 18, 2020, S260493; *People v. Torres* (2020) 46 Cal.App.5th 1168, 1178, review granted June 24, 2020, S262011.)

If the defendant demonstrates he or she is entitled to relief in step two, the court must issue an order to show cause why relief should not be granted.  (§ 1170.95, subd. (c).)  If the court issues an order to show cause, a hearing will be held to determine whether to vacate the murder conviction.  (*Lewis, supra*, 43 Cal.App.5th at p. 1136.)  In this third step of the proceedings, the parties "may rely on the record of conviction or offer new or additional evidence to meet their respective burdens."  (§ 1170.95, subd. (d)(3).)

## II.  The Record Reveals Romero Is Ineligible For Relief as a Matter of Law[3]

Romero contends the trial court erred to deny his petition because the record does not conclusively establish which theory the jury relied on to convict him.  In making this argument, Romero urges us to review the record, including the evidence presented at trial, the prosecutor's theory of the case, the jury's question, and the trial court's response, and reach a different conclusion from that of our previous two decisions.

Having concluded beyond a reasonable doubt that the jury based his conviction on a theory that he directly aided and abetted the murder, we decline to reverse ourselves.  The issue whether Romero acted as a direct aider and abetter has been

---

[3]      Romero's second request for judicial notice of the appellate court file from his direct appeal, *People v. Romero*, B233131, is granted.  (Evid. Code, § 459.)

7

litigated and finally decided against him.  (*Lewis, supra,* 43 Cal.App.5th at p. 1138, review granted on a different ground, Mar. 18, 2020, S260598; see generally 1 Witkin & Epstein, Cal. Criminal Law (4th ed. 2012) Defenses, § 208, pp. 683–684 [collateral estoppel applies in criminal cases].)  In any event, Romero had the burden to make a prima facie showing that he was eligible for relief.  (*Lewis, supra*, at p. 1137.)  Aside from pure speculation that the jury may have found him guilty of murder under a natural and probable consequences theory in the face of ample evidence to the contrary, Romero has failed to make such a showing under section 1170.95.

## DISPOSITION

The order denying Romero's petition for resentencing under section 1170.95 is affirmed.


BIGELOW, P. J.


We Concur:




GRIMES, J.




STRATTON, J.